## HAMMOND BUCKLE CO v. WELD et al.

(Circuit Court of Appeals, First Circuit. February 14, 1896.)

### No. 145.

1. PATENTS—COMITY BETWEEN CIRCUIT COURTS OF APPEAL.
   Quære: Whether, and how far, the circuit court of appeals of one circuit should be controlled by a decision of the circuit court of appeals of another circuit upon the question of the validity of a patent.
2. SAME—VALIDITY AND INFRINGEMENT.
   The Hammond & King patent, No. 301,884, for an improvement in shoe clasps for arctic overshoes, must, in view of the prior state of the art, be limited, in respect to claims 1, 2, and 3, to the specific combination which is described in claim 4. *Held*, therefore, that these claims were not infringed by defendant's buckle; and *held*, further, that claims 2 and 3 are void for want of patentable invention.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit in equity by the Hammond Buckle Company against George A. Weld and others, for alleged infringement of

letters' patent No. 301,884, issued July 15, 1884, to Hammond & King, for an improvement in shoe clasps for arctic overshoes. The circuit court dismissed the bill; its action being apparently based upon the decision of the circuit court of appeals for the Second circuit in Hammond Buckle Co. v. Goodyear Rubber Co., 7 C. C. A. 276, 58 Fed. 411, wherein the patent was given a narrow construction. The complainant appealed, and in this court one of the contentions was in respect to the effect which was to be given by this court to that decision.

George W. Hey (Arthur E. Parsons, on briefs), for appellant.

James J. Storrow, Jr. (William K. Richardson, on briefs), for appellees.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

WEBB, District Judge. Whether, and how far, in a case like this, in which a patent has been held invalid by the circuit court of appeals in another circuit, this court should be controlled by such judgment, it is not important now to determine, inasmuch as we are entirely in agreement with the reasoning and the judgment of the circuit court of appeals for the Second circuit in Hammond Buckle Co. v. Goodyear Rubber Co., 7 C. C. A. 276, 58 Fed. 411, the opinion in which case was made an exhibit of the defendants in this. It is true that opinion and decree dealt with the first claim only of the patent, while here the second and third claims, also, are in controversy. But everything said by Judge Lacombe about the first claim may with equal cogency be applied to the second and third claims. He goes on to say, speaking of certain elements in the fourth claim:

"As thus modified, however, the invention is described in claim 4 of the patent: '(4) In combination, the catch plate, the tongue plate provided with the laterally elastic bifurcations extending rearward of the pivot, and the tongue swinging in the bifurcations, with a broadened portion which passes between the elastic arms as the tongue is swung, all substantially as described, and for the purposes set forth,'—which is really all that the inventor was entitled to claim."

So we think, and it disposes of the second and third claims as effectually as it does of the first.

It is assigned as an error that the circuit court did not hold that the defendants herein were bound by the decision of the United States circuit court for the district of Connecticut, in Hammond Buckle Co. v. Hathaway, 48 Fed. 305. As it is not shown that the parties in that case were the same as in this, we think there was no error in so not holding; still, as this decision has been pressed in argument on the attention of this court, it is not inappropriate to direct the appellant's attention to the fact that, in Hammond Buckle Co. v. Hathaway, the circuit court held that the combination described in the second claim of the patent, "as an entirety, was not patentable," and of the third claim says, "This claim is not patentable." Without recognizing a duty to be controlled by that decision of a circuit court respecting the second and third

claims of the Hammond & King patent, No. 301,884, we think it was correct.

Decree of the circuit court affirmed, with costs.